**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4588**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DANIEL DEWAYNE BELL,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Richard Mark Gergel, District
Judge.  (2:12-cr-00644-RMG-1)

———————

Submitted:  February 10, 2014        Decided:  February 14, 2014

———————

Before AGEE, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy Clay Kulp, KULP LAW FIRM, Charleston, South Carolina,
for Appellant.   Nathan S. Williams, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Dewayne Bell appeals the 145-month sentence imposed by the district court following his guilty plea to bribery of a public official, in violation of 18 U.S.C. § 201(b)(1)(C), (b)(4) (2012), possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e)(1) (2012). On appeal, Bell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Bell's guilty plea was valid and whether the sentence imposed by the district court was procedurally reasonable. Bell was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

Bell first questions the validity of his guilty plea. Our review of the plea hearing reveals that the district court fully complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (providing standard of review). Thus, the court did not err in accepting as knowing and voluntary Bell's guilty plea.

Second, Bell questions the procedural reasonableness of his sentence. In reviewing a sentence, we must ensure that

2

the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Upon review, we conclude that the district court committed no procedural error in imposing the 145-month sentence. United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bell, in writing, of his right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED